IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSE OGG,

        Plaintiff,

   vs.                              No. CIV. S-10-1379 JAM GGH PS

DANIEL S. WEISS, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint alleges that defendant Weiss was plaintiff's former lawyer who brutally assaulted her in public after he acted in an unprofessional and unethical manner in regard to her case.  He also allegedly shredded her files, misled her and lied to her about her scheduled court appearances.  Plaintiff also alleges that when she called 911 for help during his assault,

which took place in the presence of her four year old grandson, defendants Sacramento County deputy sheriffs Parsons and Goodnon were negligent in their duty to protect her and refused to arrest defendant Weiss for assault, but instead "turn[ed] their blind eyes on a disabled elderly female." (Compl. at 2.)  Plaintiff claims constitutional violations of due process and equal protection against all three defendants.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

Simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.

Plaintiff does not cite to §1983; however, it is the vehicle for pursuing damages claims for federal constitutional and statutory violations against government officials. Section 1983 does not create any substantive rights. To succeed on a § 1983 damages claim, a plaintiff must demonstrate not only the deprivation of a right secured by the Constitution or laws of the United States, but that defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A § 1983 claim can lie against a private party only when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980).

In this case, plaintiff is unable to maintain a claim against attorney Weiss under § 1983 because he is a private party who was not acting under color of state law. Furthermore, the actions of this counsel, as alleged, are for legal malpractice and assault which are not federal claims. Therefore, there is no basis for federal jurisdiction against this defendant. Plaintiff is advised to file such claims in state court.

As to defendants Parsons and Goodnon, the claims against them are for negligence only. Moreover, the Due Process Clause does not protect plaintiff's desires to be protected by the police force. Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768-69, 125 S.Ct. 2796 (2005). To state a federal claim of constitutional violations by these officers, plaintiff would have to allege discriminatory denial of police services or that she was treated differently from another victim who was similarly situated. Estate of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000). If plaintiff alleges only negligence, she cannot maintain an action under § 1983, but rather must proceed against these defendants in state court.

If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: September 13, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Ogg1379.amd.wpd